FILED
KC
NOV 27 2007
nov 27 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

AE

Allan Stevo )  United States District Court
) Northern District of Illinois
        Plaintiff ) Eastern Division
)
v. )
)

Pamela Frasor, Donald E Peloquin, Rose Rita,     **07CV6647**
Linda Dertz, Mark L. Ruthenberg, Marcia Stone,     **JUDGE PALLMEYER**
James Deiters, Janice Ostling, Carlee Jackson Jr.,     **MAGISTRATE JUDGE KEYS**
Gerald A. Hall, Russell D. Elton, Domingo Vargas,
Raymond P. Cantelo, David W. Mindeman,
Carmen Bilotto, Leticia Vieyra, officially and
individually, the City of Blue Island, )
)
        Defendants )

## COMPLAINT

1.    This is a §2007 action. Plaintiff Allan Stevo, *Pro Se*, bring this action alleging violation of (1) 42 U.S.C. §1981; (2) Due process clause of Fourteenth Amendment of U.S. Constitution; (3) 42 U.S.C. §1983 Chapter 21, Subchapter 1 §1983- Civil Action for Deprivation of Rights; (4) 42 U.S.C. §1983, Chapter 21, Subchapter 2- Public Accommodations; (5) 42 U.S.C. §1965, Chapter 20- the Federal Voting Rights Act; (6) Official misconduct. Allan Stevo is seeking declaratory and permanent injunctive reliefs from this court against defendants. Allan Stevo is also seeking compensatory damages from the City of Blue Island.

## PARTIES

2.    Plaintiff Allan Stevo, is a resident of Blue Island with an address of 2324 Union St., Blue Island, IL 60406.

1

3. Defendant City of Blue Island is a local governmental municipal entity in the State of Illinois.

4. Pamela Frasor is the city clerk and city collector of the city of Blue Island.

5. Donald E Peloquin is the Mayor of Blue Island.

6. Rose Rita, Linda Dertz, Mark L. Ruthenberg, Marcia Stone, James Deiters, Janice Ostling, Carlee Jackson Jr., Gerald A. Hall, Russell D. Elton, Domingo Vargas,
Raymond P. Cantelo, David W. Mindeman, Carmen Bilotto and Leticia Vieyra are aldermen of the city of Blue Island.

## JURISDICTION AND VENUE

7. Jurisdiction is proper in this Court, pursuant to 28 U.S.C §1331, because this action arises under the laws of the United States.

8. Venue is proper in this District, pursuant to 28 U.S.C. §1391(b), because defendants reside in this District and because circumstances for this action arose in this District.

## STATEMENT OF FACTS

9. In the fall of 2004, plaintiff Allan Stevo became involved in the campaign to elect Nancy L. Thompson for Mayor, city of Blue Island, Illinois.

10. Nancy Thompson is a 67 year old African-American grandmother. The Thompson family is the first black family residing in Blue Island for over 115 years as documented in the book "Blue Island, the First 100 Years".

11. From the fall of 2004 through the election of April 5, 2005, it proved to be a highly-spirited campaign, whereas, no candidate was sure of victory.

12. At the Meet the Candidates night at D.D. Eisenhower High School; the lights were so regulated that the Mayoral candidates on stage would not show on any picture taken at that event. The local newspaper, The Forum, whose photographers took many pictures, not one turned out due to the bright lighting. The intended consequence of the unusual bright lighting was deliberate. The Forum newspaper was not able to include a picture in their publication for the Mayoral candidates at this event.

13. On Wednesday, April 27, 2005, a day after the last city council meeting, without prior and proper notification, the water at 2324 Union St., plaintiff Allan Stevo's residence of over 56 years was turned off. All water bills of plaintiff were paid in time before the water shut off without proper notification.

14. The city water ordinance does not provide for the city water to be turned off, for the reason of not having an outside water meter.

15. Because the meter was not outside, plaintiff was overcharged more than double his normal usage of 3-5,000 gallons per month to 12,000 gallons per month.

3

16. There is no Water Ordinance for public knowledge and viewing at the Blue Island Public Library. There is also no Blue Island Water Ordinance posted at the official City of Blue Island website.

17. The plaintiff attended the Municipal Service Committee (6 days later after the water shut off) asked to have the water turned back on. The committee refused knowing that it will be another week until the next council meeting to redress the government.

18. Plaintiff Allan Stevo asked for an emergency hearing to turn on his water. He was told that he needed the request in writing. That very night, plaintiff hand delivered a letter to Alderman Ruthenberg's home but plaintiff just got the usual run around answers.

19. After seven weeks of unrelenting and mean-spiritedness on the part of the city officials and due to plaintiff's concern regarding own's health and safety, asked the city to put the water service back on. The city agreed without a shade of compassion, only on condition that plaintiff have an outside water meter installed on his residence, disregarding due process (notification first before water shut off.).

20. Finally, a hearing was granted on December 6, 2005, 7 months after the first request of an emergency hearing for the return of water service.

21. The activities of the Defendants in depriving Plaintiff of his first Amendment free speech rights, denying plaintiff equal protection of the laws and invading plaintiff's constitutional rights to privacy alleged in this complaint constituted

wrongful abuse of defendants' authority as city officials and occurred under the color of law.

22. The city of Blue Island had a practice, custom and policy beginning in late 2004 and 2005 to misuse the offices and services of its officials for their own benefit.

23. The conduct of the city of Blue Island in enabling defendants Frasor, Peloquin, Ruthenberg and other city aldermen to wrongfully deprive plaintiff of his rights of free speech, privacy, and equal protection of the laws indicates approval of such constitutional deprivation on the part of the city and under color of law.

24. The city of Blue Island had an ongoing custom, practice and policy to use all its efforts to stifle the free speech of residents who question or criticize the government of Blue Island.

25. Defendants Frasor, Peloquin, Ruthenberg, et al communicated on a regular basis through the spring and balance of 2005 to conspire, harass, embarrass and damage Allan Stevo's name, reputation and credibility in Blue Island and to stifle his public speech pertaining to the government of Blue Island.

26. As a result of the defendant's actions, the plaintiff suffered emotional distress, anxiety, fear, insult, and other damages.

27. Wherefore, plaintiff prays that this Court enter a judgment in his favor and against defendants as follows;

A. For an injunction ordering defendants to refrain from any current or future efforts to retaliate against plaintiff for properly exercising his free speech rights.

B. For compensation in excess of Five Hundred Thousand ($500,000) Dollars.

C. For any other further relief deemed appropriate by the Court.

## JURY DEMAND

The plaintiff, Allan Stevo, requests a trial by Jury.

Respectfully Submitted,

*Allan Stevo*

Allan Stevo

*Pro Se*

Allan Stevo
2324 Union St.
Blue Island, IL 60406
Phone: 708-385-2568
Fax: 708-385-2586
Email: allanjstevo@yahoo.com

Dated: November 26, 2007

6

## CERTIFICATE OF SERVICE

I, Allan J. Stevo, Plaintiff, *Pro Se*, certify that I caused a copy of the foregoing Plaintiff's Complaint to be delivered by hand to the Clerk of Court of the United States District Court, Northern District of Illinois, Eastern Division.

Clerk of Court
Everett McKinley Dirksen Building
219 South Dearborn Street
Chicago, Illinois 60604
Tel No. : (312) 435-5670

this 26th day of November, 2007

                                                                            Allan J. Stevo
                                                                            Plaintiff, Pro Se